583 S.E.2d 755

**In the Matter of Warren Stephen CURTIS, Respondent.**

No. 25674.

Supreme Court of South Carolina.

Submitted July 1, 2003.

Decided July 14, 2003.

Henry B. Richardson, Jr., of Columbia, for Office of Disciplinary Counsel.

---

Elizabeth Van Doren Gray, of Columbia, for Respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a two year suspension from the practice of law, retroactive to June 17, 2002, the date he was placed on interim suspension.[1] We accept the agreement and suspend respondent from the practice of law for two years. The facts, as set forth in the agreement, are as follows.

### Facts

On June 12, 2002, respondent was arrested in connection with cocaine found in his possession. Respondent pled guilty on November 14, 2002, to two counts of possession of cocaine and was sentenced to two years' imprisonment, suspended upon payment of a fine and service of two years of probation, with conditions for substance abuse counseling and random drug testing. At the time of the commission of the criminal acts admitted in the guilty plea, respondent was serving as a Sumter County Magistrate. Subsequent to his arrest, respondent resigned his judicial position and his resignation was accepted by the Governor of South Carolina.

### Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a)(it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(b)(it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); and Rule 8.4(e)(it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice). In addition, respondent admits that his actions constitute grounds for discipline under the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413,

---

1. *In re Curtis*, 350 S.C. 277, 565 S.E.2d 309 (2002).

SCACR: Rule 7(a)(1)(it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(4)(it shall be a ground for discipline for a lawyer to be convicted of a crime of moral turpitude or a serious crime); and Rule 7(a)(5)(it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

### Conclusion

We find a two year suspension is the appropriate sanction for respondent's misconduct. Accordingly, we accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for two years, retroactive to the date of his interim suspension. Respondent shall not be eligible for reinstatement until he has successfully completed all conditions of his sentence, including, but not limited to, any period of probation. Rule 33(f)(10), RLDE. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur. PLEICONES, J., not participating.